**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MICHAEL C. PETTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:07-cv-0369-SEB-JMS |
| | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Application for**
**Attorney Fees under the Equal Access to Justice Act**

### I. Background

Michael Petty ("Petty") applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") based on his history of complex partial seizure disorder and numerous mental impairments. His applications were denied initially, on reconsideration, and by an Administrative Law Judge ("ALJ"). The Appeals Council denied review and on judicial review this court determined that the ALJ's decision was not supported by substantial evidence and remanded the case to the ALJ for further consideration.

Petty has moved for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (dkt 25). For the reasons discussed below, Petty's motion is **granted.**

### II. Discussion

The EAJA provides that a successful litigant against the federal government is entitled to recover his attorneys' fees if: 1) he was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there existed no special circumstances that would make an award unjust; and 4) he filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The plaintiff here is the prevailing party, no "special circumstances" are alleged, and the fee application was timely. The only disputed point is whether the Commissioner's position was substantially justified.

Fees may be awarded if either the Commissioner's pre-litigation conduct or litigation position was not substantially justified. *Cunningham*, 440 F.3d at 863. To be substantially justified the Commissioner's position must have "reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [his] legal theory." *Id.* at 864. A "reasonable basis in law and fact" means "a reasonable person could believe the position was correct." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of proving that his position was substantially justified. *Cunningham*, 440 F.3d at 864.

As noted, after reviewing the administrative record and considering the arguments of the parties, the court concluded that the ALJ's decision in this action was deficient. As explained in the Entry issued on March 19, 2008:

> Petty contends that the ALJ failed to discuss and weigh the opinions of two experts and the ALJ failed to make the mental RFC assessment required by applicable rules and regulations. The court agrees with Petty as to the ALJ's failure to evaluate some of the important evidence of record, which will require the ALJ to reconsider Petty's mental RFC.

> * * *

> The ALJ's failure to discuss and weigh the notes and opinions of these long term medical providers cannot be excused by the Commissioner's *post hoc* rationalizations. This is true especially in this case where no medical expert was called to review the record, weigh the conflicting medical evidence, and testify as to Petty's mental RFC. The court cannot be confident that the ALJ considered the important evidence of record, nor can it trace the path of the ALJ's reasoning because a significant portion of that reasoning is absent. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Hickman v. Apfel,* 187 F.3d 683, 689 (7th Cir. 1999) (an ALJ must "sufficiently articulate his assessment of the evidence to assure us that [he] considered the important evidence . . . [and to enable] us to trace the path of [his] reasoning.") (internal quotation omitted).

*Entry Discussing Complaint for Judicial Review* at pp. 3-4.

The Commissioner asserts that the "sole reason the Court remanded Plaintiff's case was to obtain greater articulation of the weight the ALJ afforded the opinions of Drs. Alessi and Schneider." (Commissioner's Brief at 2). This unduly minimizes the errors discussed by the court.

Contrary to the Commissioner's assertion, this was not a case in which the ALJ merely failed to articulate his analysis as carefully as necessary. In this case, the ALJ ignored the opinions and treatment notes of a treating physician and a treating psychiatrist who had opined that Petty's impairments resulted in numerous serious symptoms which

would not improve with treatment. The failure to discuss opinions of the treating physicians was further exacerbated by the ALJ's failure to make a mental residual functional capacity assessment and failure to properly evaluate Petty's meager and choppy work history.

The court did not reject any of Petty's arguments. The court did not adopt any position taken by the Commissioner, and it specifically rejected the Commissioner's attempt to resuscitate the ALJ's decision with "*post hoc* rationalizations" not set forth by the ALJ. *See Golembiewski,* 382 F.3d at 725 ("Our opinion in the underlying merits claim made it clear that the Commissioner's argument had no reasonable basis in law because her argument was based upon facts not relied upon by the ALJ."). "Strong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." *Id.* at 724.

### III.  Conclusion

Under these circumstances, the court finds that the Commissioner has not carried his burden of establishing that his position in this case was substantially justified. Accordingly, Petty's motion for attorney fees (dkt 25) is **granted.**  The Commissioner has not challenged the amount of the request and the court finds the request of $4,457.60 to be reasonable. A separate order consistent with this ruling shall now issue.

**IT IS SO ORDERED.**


Date:    03/30/2009

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana